UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60775-GAYLES

IRENE F. MILLER,
    Plaintiff,

  v.

TARGET CORPORATION,
    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Irene F. Miller's Motion to Remand [ECF No. 7], filed on May 4, 2016. The Defendant, Target Corporation ("Target"), removed this action, pursuant to 28 U.S.C. § 1441, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to this Court on April 8, 2016 [ECF No. 1] ("Notice"). Miller now seeks to remand the action back to state court, arguing that Target has not met its burden to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. The Court has reviewed the briefing, the record in this case, and the applicable law and is otherwise fully advised in the premises. For the reasons that follow, the motion to remand shall be denied.

### I.  BACKGROUND

This lawsuit arises from a September 12, 2015, incident at a Target retail store in Hollywood, Florida, in which the Plaintiff, Irene Miller, slipped on a wet tile and injured herself. She filed a complaint in the Seventeenth Judicial Circuit Court on December 27, 2015, alleging a single claim of negligence against Target. She alleges that she sustained the following damages, at least some of which are permanent and continuing in nature: bodily injury, pain and suffering, disability, physical impairment, disfigurement and scarring, mental anguish, inconvenience, loss of capacity

1

for the enjoyment of life, aggravation of a pre-existing condition, medical bills and expenses, loss of earnings, and loss of earning capacity. *See* Compl. ¶ 12. In her prayer for relief, Miller stated, in accordance with Florida law, that she sought compensatory damages in an amount in excess of the minimum jurisdictional limits of the Florida Circuit Courts: $15,000, exclusive of interest and costs. *Id.* at 4.

During discovery, Target propounded a Request for Admission that requested Miller to admit that she "seeks money damages in excess of $75,000, exclusive of interest, costs, and attorney's fees." Notice ¶ 24. Target received Miller's response on April 4, 2016, in which she admitted that statement. *Id.* Miller also served answers to interrogatories and responses to Target's request for production, wherein she claimed that she sustained a hip fracture as a result of her fall and produced medical records reflecting that she underwent hip surgery, and had a five-day stay in the hospital and a three-week stay in a rehabilitation facility. *Id.* ¶ 28. She also claimed that she hired a healthcare assistant to provide assistance "with activities of daily living" and that another company has sent an aid to do the same since November 2015. *Id.*

In her response to the request for production, Miller produced medical bills totaling $58,765.34. *Id.* ¶ 29. Target then filed a Notice of Removal on May 2, 2016, alleging diversity jurisdiction based on its receipt of these bills from Miller. Since filing the Notice, Target received via subpoena the medical bills from the rehabilitation facility, totaling $21,026.40. Def.'s Opp'n at 11. Miller filed the instant motion to remand on May 4, 2016.

## II.     LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove a civil case filed in state court to federal court if the federal court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see*

*also* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). If, however, a "plaintiff contests a defendant's allegation . . . '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *see also id.* at 554 ("In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," *e.g.*, because the amount-in-controversy requirement has not been satisfied, "the case shall be remanded." 28 U.S.C. § 1447(c). The Court is required to construe the removal statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting the right to proceed in federal court as it is in permitting a state court to retain its jurisdiction, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010).

### III.   DISCUSSION

The Court finds that Target has clearly established diversity jurisdiction under 28 U.S.C. § 1332. First, diversity of citizenship is satisfied: Target is a Minnesota corporation with its principal place of business in Minnesota, while Miller is a citizen of Florida.

And second, the amount-in-controversy requirement is satisfied. As the initial justification for removal, Target cites Miller's admission that she seeks money damages in excess of the jurisdictional amount. But "a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because '[j]urisdictional objections cannot be forfeited or waived.'" *Eckert v. Sears, Roebuck & Co.*, No. , 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (quoting

*Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012)). Moreover, "the court has an obligation to determine that the requisite jurisdictional amount is satisfied and that inquiry is independent of the parties' assertions or desires to litigate in federal court." *Id.* (quoting 14AA Charles Alan Wright, Arthur R. Miller et al., *Federal Practice and Procedure* § 3702 (4th ed. 2013)). Therefore, Miller's admission alone is insufficient.

That said, while normally a district court considering a motion to remand "has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007) (footnote omitted), "the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction . . . but only to establish the facts present at the time of removal," *Pretka*, 608 F.3d at 773 (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). Miller does not dispute Target's statement in the Notice of Removal that she produced medical bills totaling $58,765.34 prior to the Notice being filed. *See* Notice ¶ 29. Target has also provided medical bills totaling $21,026.40, received *since* the Notice was filed, which reflect the expenses accrued during the three weeks Miller spent in the rehabilitation facility in September and October 2015 after she was released from the hospital following her fall. *See* Def.'s Opp'n at 11 & Ex. 1. The Court has reviewed these bills (altogether totaling over $79,000) and finds that they, along with Miller's allegations in the Complaint that some of her injuries are permanent and continuing, establish, by a preponderance of the evidence, that her claims exceed the $75,000 requirement sufficient to satisfy diversity jurisdiction.[1]

---

[1] Even the original set of medical bills, combined with Miller's allegations of permanent and continuing injuries, would have provided the Court sufficient justification to find that the amount in controversy requirement is satisfied here. *See, e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (permitting courts to use "judicial experience and common sense" to support "reasonable inferences" drawn "from the pleadings" to determine whether "the case stated in [the] complaint meets federal jurisdictional requirements").

The Court has reviewed Miller's other arguments and concludes that they are irrelevant to the consideration of this motion to remand.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand [ECF No. 7] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of July, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE